Commonwealth ex rel. Kane *v.* Kane, Appellant.

490

Argued September 12, 1962. Before RHODES, P. J., ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ.

*Malvin Lee Skaroff,* with him *Skaroff and Skaroff,* for appellant.

*Jay D. Barsky,* for appellee.

OPINION BY WOODSIDE, J., November 15, 1952:

The appeal in this support case is so devoid of merit that it deserves only a few words of affirmance. The appellant has established himself as a fraudulent,[1] contemptuous,[2] untruthful[3] man who lives in luxury, while resorting to endless legal maneuvers to avoid supporting his children.

A description of his lavish living while refusing to support his children is set forth in an opinion of this

---

[1] He was convicted of fraudulent conversion in both federal and state courts.

[2] He was brought into court on attachments and bench warrants so often that it is difficult to determine the number of times he was found in contempt. At least five times he was sentenced to jail unless the arrearages were promptly paid. These were almost the only times he paid on the support order.

[3] The court below said of the appellant, "He was not a credible witness at the original hearing and his credibility has not improved with repeated court appearances."

Court written by Judge WRIGHT in *Com. ex rel. Kane v. Kane,* 193 Pa. Superior Ct. 98, 163 A. 2d 925 (1960). We there affirmed an order of $60 per week entered against him for the support of his two children, now 9 and 13 years of age. Since that order was affirmed, the defendant has had a heart attack from which he has recovered sufficiently to get a job; he has contemptuously refused over and over again, both before and after his heart attack, to pay the order, and he has continued to lead a life of luxury while refusing to support his minor children. He asked the court below to reduce the support order and to vacate the arrearages. The court quite properly refused.

It is argued that the defendant had a heart attack which reduced his earning capacity. Counsel for the appellant admits, as indeed he should, that the court may have been justified in its refusal to put credence in the defendant's testimony, but he argues that the physician's opinion that the appellant's earning power is reduced must be accepted by the court as a fact, and that the order must be reduced. In accepting as a fact that the defendant had a heart attack, the courts need not close their eyes to the equally evident facts that the defendant is employed and at the same time continues to carry on an active social life that belies his alleged weakened condition. The argument that the court must accept a bookkeeper's testimony as to the defendant's income and assets is equally without merit.

Judge STOUT carefully and fully reviewed the unsavory conduct of the appellant, and fully set forth the reasons for her refusal to reduce the order and to vacate the arrearages. It is not necessary for us to restate the details nor to recount the evidence that supports her action. She aptly summarized the case as follows: "A man's first duty is to support his children. He must forego the luxuries of expensive supper clubs and convertible cars before he requests his children to

sacrifice the necessities of life. When one views appellant's magnanimity to others and his own commodious style of living, grave doubt is cast on the good faith of his protestations of poverty when his children seek their daily bread."

Orders affirmed.

WRIGHT, J., concurs in the result.